IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO CONSOLIDATE** |
| | ) | **COUNTS DUE TO MULTIPLICITY** |
| vs. | ) | |
| | ) | Case No. 4:10-cr-070-2 |
| Dustin Morsette, a/k/a Dusty | ) | |
| James Morsette, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Defendant Dustin Morsette's "Motion for Miscellaneous Relief Re: Consolidate Counts Due to Multiplicity" filed on February 9, 2012. See Docket No. 152. The Government filed a response in opposition to the motion on February 14, 2012. See Docket No. 157. Morsette filed a reply brief on February 17, 2012. See Docket No. 160. For the reasons explained below, Morsette's motion is denied.

**I.    BACKGROUND**

Morsette faces the following criminal charges:

Count 1: Aggravated Sexual Abuse by Force (18 U.S.C. §§ 2241(a)(1), 2241(c), and 1153)
Count 2: Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153)
Count 3: Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153)
Count 4: Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153)
Count 5: Sexual Abuse (18 U.S.C. §§ 2242(2)(b) and 1153)
Count 6: Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153)
Count 7: Sexual Abuse (18 U.S.C. §§ 2242(1) and 1153)
Count 8: Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153)
Count 12: Aggravated Sexual Abuse by Force (18 U.S.C. §§ 2241(a)(1) and 1153)
Count 13: Aggravated Sexual Abuse by Force (18 U.S.C. §§ 2241(a)(1) and 1153)
Count 14: Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153)

| | |
|---|---|
| Count 15: | Attempted Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |
| Count 16: | Conspiracy to Possess With Intent to Distribute and Distribute Marijuana (21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846) |
| Count 17: | Employment or Use of Person Under 18 Years of Age in Drug Operations (21 U.S.C. §§ 861(a)(1) and 861(b) and 18 U.S.C. § 2) |
| Count 18: | Employment or Use of Person Under 18 Years of Age in Drug Operations (21 U.S.C. §§ 861(a)(1) and 861(b) and 18 U.S.C. § 2) |
| Count 19: | Employment or Use of Person Under 18 Years of Age in Drug Operations (21 U.S.C. §§ 861(a)(1) and 861(b) and 18 U.S.C. § 2) |
| Count 20: | Tampering With a Witness (18 U.S.C. §§ 2, 1512(b)(1), and 1512(b)(3)) |
| Count 21: | Sex Trafficking by Force or Coercion (18 U.S.C. §§ 1591(a), 1591(b)(1), and 1152) |

See Docket No. 114. In a letter to Morsette's counsel dated January 13, 2012, the Government explained that some of the counts relate to the same victim and the same course of conduct by the Defendant. See Docket No. 157-1. For example, Counts 1 and 2 relate to the same victim ("child 9") and the same course of conduct; Counts 5 and 6 relate to a second victim ("child 4") and the same course of conduct involving that victim; and Counts 7 and 8 relate to a third victim ("child 8") and the same course of conduct by the Defendant with that victim.

On February 9, 2012, Morsette filed a motion to consolidate counts he alleges are multiplicitous. See Docket No. 152. Morsette requests that the Court consolidate Counts 1 and 2, Counts 5 and 6, and Counts 7 and 8. Morsette contends that Counts 2, 6, and 8 are based on the victims' age, and that Counts 1, 5, and 7 are based on the victims' lack of consent due to force, incapacity, or threats. Morsette contends that the charges are multiplicitous because they all involve lack of consent, whether due to age, force, incapacity, or threats. He argues further that allowing the Government to present multiplicitous accounts would influence the jury to convict Morsette "merely due to the nature and number of charges against him." See Docket No. 153.

The Government filed a response in opposition to Morsette's motion on February 14, 2012. See Docket No. 157. The Government contends that none of the related counts charge the same crime, each related count has separate essential elements, and each count requires proof of an element that the other does not. In the alternative, the Government argues that Count 2 could be a lesser-included offense of Count 1, but that the other counts should not be consolidated for trial.

## II.  LEGAL DISCUSSION

The Eighth Circuit Court of Appeals has explained:

> The Fifth Amendment's double jeopardy clause proscribes the imposition of "[m]ultiple punishments for the same criminal offense." United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005). Demonstrating that an indictment violates the double jeopardy clause requires the defendant to "show that the two offenses charged are in law and fact the same offense." Id. (quotation omitted). To decide whether the defenses are the same, this court must scrutinize the statute in question to determine "whether Congress intended the facts underlying each count to make up a separate unit of prosecution." [United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005)]. This court discerns Congressional intent from "the statutory language, legislative history, and statutory scheme." Id. at 448. If in doubt about that intent (because, for example, Congress's intended unit of prosecution is not clear and unambiguous), this court "resolve[s] doubt . . . in favor of lenity for the defendant." Id.

United States v. Two Elk, 536 F.3d 890, 898 (8th Cir. 2008) (footnote omitted).

In United States v. Tail, 459 F.3d 854 (8th Cir. 2006), the Eighth Circuit considered a scenario almost identical to Morsette's. Tail was convicted of two counts of sexual abuse in violation of 18 U.S.C. § 2242(1) and two counts of sexual abuse of a minor in violation of 18 U.S.C. § 2243. The charges related to two incidents, each with a different victim. Tail argued on appeal that his convictions violated the Fifth Amendment's double jeopardy clause because they arose out of the same two acts. The Eighth Circuit rejected Tail's argument:

3

> We conclude that there was no violation of the Double Jeopardy Clause. "[M]ultiple punishments are permitted for separate convictions when each requires an element of proof that the other does not." United States v. Beltz, 385 F.3d 1158, 1161 (8th Cir. 2004); see also Blockburger v. United States, 284 U.S. 299, 304 (1932). The offense of sexual abuse has as an element the act of "threatening or placing . . . [a] person in fear," 18 U.S.C. § 2242(1), which is not shared by sexual abuse of a minor. Sexual abuse of a minor also has a distinct element, because it requires proof that the victim was at least 12 but not yet 16 years old and was at least four years younger than the perpetrator. 18 U.S.C. § 2243(a). Thus, Tail's double jeopardy rights were not infringed by his punishment for the violation of both statutes.
>
> Our court has rejected Tail's argument that a single course of conduct can lead to only one conviction, United States v. Boykins, 966 F.2d 1240, 1245 (8th Cir. 1992), and Tail's reliance on United States v. Chipps, 410 F.3d 438 (8th Cir. 2005), does not call for a different conclusion here. Chipps involved a defendant who was convicted on two counts of violating one statute. In finding the defendant's convictions to be multiplicitous, we considered whether his offenses had arisen from the same "impulse," because Congress had not specified a different unit of prosecution that would otherwise make the two convictions distinct. Id. at 449. Here, by contrast, Congress has made clear that "sexual abuse" and "sexual abuse of a minor" are distinct crimes with separate punishments by defining them to include different elements of proof.

Tail, 459 F.3d at 861-62.

Morsette's argument is similar to Tail's. Morsette is charged with violations of 18 U.S.C. §§ 2242 or 2243 for three separate incidents with three separate victims. Morsette essentially argues that he can be charged with only one crime for each incident/victim. The Eighth Circuit squarely rejected this argument in Tail. The court explained that 18 U.S.C. § 2242 has an element that is not shared by 18 U.S.C. § 2243. "Sexual abuse" and "sexual abuse of a minor" are clearly distinct crimes with separate punishments and each includes different elements of proof. For example, Count 1 charges the offense of aggravated sexual abuse by force, which requires the Government to prove that a sexual act was perpetrated by "the use of such physical force as is sufficient to overcome, restrain, or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim." United States v. Bercier, 506 F.3d 625, 628 (8th Cir. 2007) (quoting

4

United States v. Allery, 139 F.3d 609, 611 (8th Cir.), cert. denied, 524 U.S. 926 (1998)). This element is not required in Count 2 for conviction of sexual abuse of a minor under 18 U.S.C. § 2243(a). The offense of sexual abuse of a minor requires that the Government prove the victim was at least twelve (12) years of age, but not yet (16) years of age, and was at least four (4) years younger than the Defendant. 18 U.S.C. § 2243(a). This element is not required for a conviction under 18 U.S.C. § 2242. The same analysis holds true for Counts 5 and 6 and for Counts 7 and 8.

In addition, Count 1 includes references to the victim's age and the difference between the victim's age and the Defendant's age, but these are sentencing factors that may trigger the thirty (30) year mandatory minimum sentence rather than elements of the offense. See 18 U.S.C. § 2241(c); United States v. Brown, 653 F.3d 656, 659 (8th Cir. 2011) ("Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance fo the evidence") (quoting United States v. O'Brien, 130 S. Ct. 2169, 2174 (2010)). The victim's age is not an element of the offense charged in Count 1 but it is an element of the offense charged in Count 2. The Court finds that the indictment is not multiplicitous and does not infringe on Morsette's right against double jeopardy.

## III. CONCLUSION

The Court has carefully considered the entire record, the parties' briefs, and relevant case law. The Defendant's "Motion for Miscellaneous Relief Re: Consolidate Counts Due to Multiplicity" (Docket No. 152) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of February, 2012.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court