**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR SEPARATE** |
| | ) | **TRIAL ON COUNTS** |
| vs. | ) | |
| | ) | Case No. 4:10-cr-070-2 |
| Dustin Morsette, a/k/a Dusty | ) | |
| James Morsette, | ) | |
| | ) | |
| Defendant. | ) | |

___

Before the Court is Defendant Dustin Morsette's "Motion for Separate Trial on Counts" filed on February 14, 2012. See Docket No. 158. The Government filed a response in opposition to the motion on February 27, 2012. See Docket No. 162. Morsette filed a reply brief on March 5, 2012. See Docket No. 171. For the reasons explained below, the motion is denied.

## I.   BACKGROUND

Morsette faces the following criminal charges:

| | |
|---|---|
| Count 1: | Aggravated Sexual Abuse by Force (18 U.S.C. §§ 2241(a)(1), 2241(c), and 1153) |
| Count 2: | Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |
| Count 3: | Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |
| Count 4: | Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |
| Count 5: | Sexual Abuse (18 U.S.C. §§ 2242(2)(b) and 1153) |
| Count 6: | Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |
| Count 7: | Sexual Abuse (18 U.S.C. §§ 2242(1) and 1153) |
| Count 8: | Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |
| Count 12: | Aggravated Sexual Abuse by Force (18 U.S.C. §§ 2241(a)(1) and 1153) |
| Count 13: | Aggravated Sexual Abuse by Force (18 U.S.C. §§ 2241(a)(1) and 1153) |
| Count 14: | Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |
| Count 15: | Attempted Sexual Abuse of a Minor (18 U.S.C. §§ 2243(a) and 1153) |

Count 16: Conspiracy to Possess With Intent to Distribute and Distribute
Marijuana (21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846)
Count 17: Employment or Use of Person Under 18 Years of Age in Drug
Operations (21 U.S.C. §§ 861(a)(1) and 861(b) and 18 U.S.C. § 2)
Count 18: Employment or Use of Person Under 18 Years of Age in Drug
Operations (21 U.S.C. §§ 861(a)(1) and 861(b) and 18 U.S.C. § 2)
Count 19: Employment or Use of Person Under 18 Years of Age in Drug
Operations (21 U.S.C. §§ 861(a)(1) and 861(b) and 18 U.S.C. § 2)
Count 20: Tampering With a Witness (18 U.S.C. §§ 2, 1512(b)(1), and
1512(b)(3))
Count 21: Sex Trafficking by Force or Coercion (18 U.S.C. §§ 1591(a),
1591(b)(1), and 1152)

See Docket No. 114. Morsette's trial is scheduled to begin on April 2, 2012, and is scheduled to last ten days. See Docket No. 143.

On February 14, 2012, Morsette filed a "Motion for Separate Trial on Counts." See Docket No. 158. Morsette requests that the Court conduct two separate trials: one on the sex offenses (Counts 1-8, 12-15, and 21), followed by a trial on the drug offenses and witness tampering offense (Counts 16-20). Morsette contends that the sex offenses and drug offenses are misjoined. He argues that the only fact they share is the overlapping time period in which the offenses are alleged to have occurred. In addition, he cites to comments left on the websites of the Bismarck Tribune and Minot Daily News newspapers, arguing that the comments indicate Morsette faces prejudice because of the sex offense charges. See Docket Nos. 153-1 and 153-2. The Government argues that all the charges are connected with a common scheme or plan.

## II.  LEGAL DISCUSSION

Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> **Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the

2

> same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "The rule is broadly construed in favor of joinder to promote judicial efficiency." United States v. McCarther, 596 F.3d 438, 441-42 (8th Cir. 2010) (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005)). The Eighth Circuit Court of Appeals has explained that offenses need not be of identical nature before they can be joined. United States v. Hutchings, 751 F.2d 230, 235 (8th Cir. 1984). "The decision of whether to sever a trial is left to the district court's sound discretion." United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008) (citing United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999)).

Morsette contends that the sex offenses and drug offenses are misjoined. He argues that the only facts shared by the sex offenses and drug offenses are the overlapping time period. The sex offenses, Counts 1-8, 12-15, and 20, are alleged to have occurred between September 2007 and January 2011. See Docket No. 114. The drug offenses, Counts 16-19, are alleged to have occurred between September 2009 and June 2010. See Docket No. 114. Count 20, tampering with a witness, is alleged to have occurred between December 2010 and January 2011. See Docket No. 114. Morsette argues that the sex offenses and drug offenses do not arise from the same series of acts or transactions and should be tried separately.

The Government argues that the charges arise from the same series of acts or transactions because they are all part of a common plan or scheme by Morsette–"that being, to organize and operate a criminal street gang utilizing minors and young adults to make money for Morsette through prostitution and drug trafficking." See Docket No. 162. The Government anticipates the evidence presented at trial will reveal:

> that Morsette had formulated a plan after reading a book on mind control to provide drugs and alcohol to minors and play tricks on them, including telling them they were in a gang and had to sell themselves in order to prove themselves to the gang. In return, Morsette would give them things and take care of them. Further, other minors in the New Town community were recruited by Morsette to be in the gang, including [victims named in the indictment]. The United States expects each of these persons will testify that Morsette recruited them for the gang and instructed them on various aspects of the gang rules.

See Docket No. 162.

The Eighth Circuit Court of Appeals has stated, "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008) (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984)). Rule 404(b) of the Federal Rules of Evidence provides, in part:

(b)  Crimes, Wrongs, or Other Acts.

    (1)  Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    (2)  Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). The evidence the Government anticipates will be presented at trial will reveal that all of the offenses relate to the same scheme or plan devised by Morsette. In addition, Morsette concedes that the charges overlap in time. Further, the Government would arguably be able to present evidence of all the offenses in separate trials under Rule 404(b) to show a common motive, plan, or scheme. The Court finds in its broad discretion that the drug offenses and sex offenses were not misjoined under Rule 8(b).

4

Morsette also argues that the internet comments reveal unfair prejudice he will face if the sex offenses and drug offenses are tried together. The internet comments are not reliable evidence of the potential prejudice faced by a defendant. The comments on the Bismarck Tribune and Minot Daily News websites do not reveal the name or location of the commenters. The Bismarck Tribune and Minot Daily News websites are accessible to anyone with an internet connection, not just people in the Bismarck/Mandan, Minot, or surrounding communities. The Court will inquire of potential jurors whether they know anything about the case, the parties, or the witnesses who will testify at trial. In addition, any potential prejudice caused by trying the sex offenses and drug offenses together can be addressed in a cautionary instruction. United States v. Johnson, 462 F.3d 815, 822 (8th Cir. 2006).

### III. CONCLUSION

The Court has carefully considered the entire record, the parties' briefs, and relevant case law. The Defendant's "Motion for Separate Trial on Counts" (Docket No. 158) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court